Judgment reversed<br>and cause remanded.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

CUPP, J., concurs in judgment only.

---

Grotefeld & Hoffmann, L.L.P., Lynn K. Weaver, and Mark S. Grotefeld; and McCarthy, Lebit, Crystal & Liffman Co., L.P.A., and Leslie E. Wargo, for appellant.

Calfee, Halter & Griswold, L.L.P., Thomas I. Michals, and Anthony F. Stringer, for appellee.

NADRA, APPELLEE, *v.* MBAH ET AL., APPELLANTS.

[Cite as *Nadra v. Mbah,* 119 Ohio St.3d 305, 2008-Ohio-3918.]

(No. 2007–0525—Submitted February 27, 2008—Decided August 12, 2008.)

LUNDBERG STRATTON, J.

## I. Introduction

{¶ 1} We are asked to determine which statute of limitations governs actions filed in Ohio under Section 1983, Title 42, U.S.Code. The United States Supreme Court has instructed that in Section 1983 actions, courts must apply a state's general or residual statute of limitations that governs personal-injury actions. *Owens v. Okure* (1989), 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594. We hold that R.C. 2305.10, which contains a two-year limitations period, is Ohio's general statute of limitations governing personal injury in Ohio. Therefore, we reverse the judgment of the court of appeals.

## II. Facts

{¶ 2} After receiving reports of child abuse, on January 2, 2002, Franklin County Children's Services ("FCCS") and the Columbus Police investigated the home of appellee, Reverend Iyabo Nadra. They found Nadra's nine-year-old son locked in the basement. On January 3, 2002, appellant, Mindy Grote, an FCCS case worker, and appellant, Susan Mbah, an FCCS intake worker, filed a complaint alleging that Nadra punished her son by locking him in the basement, chaining him to a pole at times, withholding food from him, and making him use a bucket as a toilet. Consequently, the complaint asserted that Nadra's son was abused, neglected, and dependent.

{¶ 3} The juvenile court granted temporary custody of the child to FCCS. On August 20, 2002, the juvenile court terminated FCCS's temporary custody and granted permanent custody of Nadra's son to the child's father.

{¶ 4} The state also charged Nadra with kidnapping, abduction, and child endangering. On November 12, 2003, a jury found Nadra not guilty on charges of abduction and kidnapping, but could not reach a verdict on the child-endangering charge.

{¶ 5} On February 25, 2005, Nadra, proceeding pro se, filed a civil action against Mbah and Grote alleging that the child-abuse complaint was false and that FCCS failed to return her child to her custody after the criminal charges against her were resolved. Nadra claimed that these actions caused her to suffer injuries, including "irreversible harm and damage to her physical, mental and spiritual person."

{¶ 6} Apparently interpreting Nadra's complaint to allege an action against state officials acting under color of law, Mbah and Grote filed a motion for summary judgment arguing that the two-year statute of limitations for personal injury in R.C. 2305.10 and the two-year statute of limitations in R.C. 2744.04 had both expired before Nadra filed her complaint. Ultimately, the trial court granted summary judgment in favor of Mbah and Grote as to all Nadra's claims, finding that the limitations periods in R.C. 2744.04 and 2305.10 had expired before Nadra filed her complaint.

{¶ 7} The court of appeals affirmed the judgment of the trial court that to the extent that Nadra alleged claims against a political subdivision, her complaint was time-barred because the two-year statute of limitations in R.C. 2744.04(A) had expired before Nadra filed suit. *Nadra v. Mbah*, Franklin App. No. 06AP–829, 2007-Ohio-501, 2007 WL 339175, at ¶ 24. But the court of appeals held that the trial court erred when it applied the two-year statute of limitations in R.C. 2305.10 to Nadra's Section 1983 claims. Id. at ¶ 41. Instead, the court of appeals held that the proper statute of limitations was R.C. 2305.09(D), which provides a four-year limitations period, and therefore Nadra's claims were not time-barred. Thus, the court of appeals affirmed in part and reversed in part the judgment of the trial court.

{¶ 8} This cause is before this court upon the acceptance of Mbah and Grote's discretionary appeal. They argue that R.C. 2305.10, not R.C. 2305.09(D), is the applicable statute of limitations for a Section 1983 claim.

### III. Analysis

#### A. Courts Must Apply a State's General or Residual Statute of Limitations Governing Personal Injuries

{¶ 9} Congress enacted Section 1983, Title 42, U.S.Code to afford a civil remedy for deprivations of federally protected rights caused by persons acting under color of state law. *Wyatt v. Cole* (1992), 504 U.S. 158, 161, 112 S.Ct. 1827, 118 L.Ed.2d 504. "The paradigmatic § 1983 claim in 1871 [when the statute was first enacted] involved a victim of violence or harassment who sued state officials for failing to prevent the harm." *Okure*, 488 U.S. at 250, 109 S.Ct. 573, 102 L.Ed.2d 594, fn. 11. Yet, "Congress did not establish a statute of limitations or a body of tolling rules applicable to actions brought in federal court under § 1983—a void which is commonplace in federal statutory law. When such a void occurs, this Court has repeatedly 'borrowed' the state law of limitations governing an analogous cause of action." *Bd. of Regents of Univ. of State of New York v. Tomanio* (1980), 446 U.S. 478, 483–484, 100 S.Ct. 1790, 64 L.Ed.2d 440. The court in *Tomanio* reasoned that "[i]n 42 U.S.C. § 1988, Congress 'quite clearly instructs [federal courts] to refer to state statutes' when federal law provides no

rule of decision for actions brought under § 1983." (Brackets sic.) Id. at 484, 100 S.Ct. 1790, 64 L.Ed.2d 440, quoting *Robertson v. Wegmann* (1978), 436 U.S. 584, 593, 98 S.Ct. 1991, 56 L.Ed.2d 554.

{¶ 10} However, because Section 1983 can override state laws and supplements any available state remedy, the 1983 remedy can have no precise counterpart in state law. *Wilson v. Garcia* (1985), 471 U.S. 261, 272, 105 S.Ct. 1938, 85 L.Ed.2d 254. Therefore "it is 'the purest coincidence' when state statutes or the common law provide for equivalent remedies; any analogies to those causes of action are bound to be imperfect." (Citation omitted.) Id., quoting *Monroe v. Pape* (1961), 365 U.S. 167, 196, 81 S.Ct. 473, 5 L.Ed.2d 492 (Harlan, J., concurring). Thus, "[t]he practice of seeking state-law analogies for particular § 1983 claims bred confusion and inconsistency in the lower courts and generated time-consuming litigation. Some courts found analogies in common-law tort, others in contract law, and still others in statutory law. Often the result had less to do with the general nature of § 1983 relief than with counsel's artful pleading and ability to persuade the court that the facts and legal theories of a particular § 1983 claim resembled a particular common-law or statutory cause of action. Consequently, plaintiffs and defendants often had no idea of whether a federal civil rights claim was barred until a court ruled on their case." (Footnote omitted.) *Okure,* 488 U.S. at 240, 109 S.Ct. 573, 102 L.Ed.2d 594.

{¶ 11} In an attempt to remedy the confusion, the court again examined the question of choice of a statute of limitations for Section 1983 claims in *Wilson,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254. The court found that "practical considerations help to explain why a simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose." Id. at 272, 105 S.Ct. 1938, 85 L.Ed.2d 254. "The federal interests in uniformity, certainty, and the minimization of unnecessary litigation all support the conclusion that Congress favored this simple approach." Id. at 275, 105 S.Ct. 1938, 85 L.Ed.2d 254. The court found that "[g]eneral personal injury actions, sounding in tort, constitute a major part of the total volume of civil litigation in the state courts today, and probably did so in 1871 when § 1983 was enacted." (Footnote omitted.) Id. at 279, 105 S.Ct. 1938, 85 L.Ed.2d 254. Thus, the court held that Section 1983 claims are best characterized as personal-injury actions for the purpose of determining the most appropriate statute of limitations. Accordingly, *Wilson* instructed courts to borrow a state's statute of limitations for personal-injury actions to govern Section 1983 claims. Id. at 280, 105 S.Ct. 1938, 85 L.Ed.2d 254.

{¶ 12} Unfortunately, however, *Wilson* did not end the confusion in determining the proper statute of limitations when state law provides multiple statutes of limitations for personal-injury actions. *Okure,* 488 U.S. at 241, 109 S.Ct. 573, 102 L.Ed.2d 594. The defendants in *Okure* contended that Section 1983 actions

should be governed by a one-year New York statute of limitations that applied to eight intentional torts. However, the court in *Okure* found that every state has multiple intentional-tort limitations provisions and reasoned that "[w]ere we to call upon courts to apply the state statute of limitations governing intentional torts, we would succeed only in transferring the present confusion over the choice among multiple personal injury provisions to a choice among multiple intentional tort provisions." Id. at 244, 109 S.Ct. 573, 102 L.Ed.2d 594.

{¶ 13} The court went on to find that "[i]n marked contrast to the multiplicity of state intentional tort statutes of limitation, every State has only one general or residual statute of limitations governing personal injury actions." Id. at 245, 109 S.Ct. 573, 102 L.Ed.2d 594. The court explained that "[s]ome States have a general provision which applies to all personal injury actions with certain specific exceptions. Others have a residual provision which applies to all actions not specifically provided for, including personal injury actions." Id. at 246, 109 S.Ct. 573, 102 L.Ed.2d 594. Thus, the court held that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." Id. at 249–250, 109 S.Ct. 573, 102 L.Ed.2d 594.

{¶ 14} However, the court in *Okure* cautioned that "[c]ourts should resort to residual statutes of limitations only where state law provides multiple statutes of limitations for personal injury actions and the residual one embraces, either explicitly or by judicial construction, unspecified personal injury actions. See, e.g., *Small v. Inhabitants of Belfast*, 796 F.2d 544 (C.A.1 1986) (construing Maine's catchall statute as the general personal injury provision); *Alley v. Dodge Hotel*, 163 U.S.App.D.C. 320, 501 F.2d 880 (1974) *(per curiam)* (construing District of Columbia's catchall statute as the general personal injury provision)." *Okure*, 488 U.S. at 250, 109 S.Ct. 573, 102 L.Ed.2d 594, fn. 12.

### B. R.C. 2305.10 Is Ohio's General Statute of Limitations for Personal–Injury Actions

{¶ 15} Ohio has multiple statutes of limitations that apply to personal-injury actions. See, e.g., R.C. 2305.11 (libel, slander, malicious prosecution, false imprisonment, and abortion-related claims), 2305.111 (assault or battery), 2305.113 (medical, dental, optometric, or chiropractic claims), and 2744.04 (action against a political subdivision). *Okure* instructs us to apply Ohio's general or residual statute of limitations that applies to personal-injury actions.

{¶ 16} In the instant case, the court of appeals held that for purposes of Section 1983 claims, R.C. 2305.09(D) is Ohio's residual statute of limitations for unspecified personal-injury actions. Appellants argue that R.C. 2305.10 is the appropriate statute of limitations for Section 1983 actions. We begin by examining the language of these statutes.

{¶ 17} R.C. 2305.09 provides:

{¶ 18} "An action for any of the following causes of action shall be brought within four years after the cause thereof accrued:

{¶ 19} "* * *

{¶ 20} "(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections * * * 2305.10 to 2305.12 * * * of the Revised Code." [1]

{¶ 21} R.C. 2305.10(A) provides that an action "for bodily injury or injuring personal property shall be brought within two years" after the cause of action accrues.[2]

{¶ 22} The Sixth Circuit Court of Appeals has consistently held that the appropriate statute of limitations for Section 1983 actions in Ohio is R.C. 2305.10, Ohio's two-year statute of limitations for bodily injury and injury to personal property. *Browning v. Pendleton* (C.A.6, 1989), 869 F.2d 989. See also *Kuhnle Bros., Inc. v. Geauga Cty.* (C.A.6, 1997), 103 F.3d 516; *Collyer v. Darling* (C.A.6, 1996), 98 F.3d 211, 220; *Hull v. Cuyahoga Valley Joint Vocational School Dist. Bd. of Edn.* (C.A.6, 1991), 926 F.2d 505, 510.

{¶ 23} Of the appellate districts that have addressed this issue, most have also held that R.C. 2305.10 is the appropriate statute of limitations. See *Erkins v. Cincinnati Mun. Police Dept.* (Oct. 23, 1998), 1st Dist. No. C–970836, 1998 WL 735367, at *2; *Lutchey v. Napoleon* (Dec. 20, 1999), 3d Dist. No. 7–99–02, 1999 WL 1215320, at *1; *Freshour v. Carroll* (Aug. 17, 1989), 4th Dist. No. 88 CA 34, 1989 WL 98477, at *4; *Rowe v. Artis* (Jan. 8, 2001), 5th Dist. No. 2000CA00081, 2001 WL 30063, at *3; *Gaston v. Toledo* (1995), 106 Ohio App.3d 66, 78, 665 N.E.2d 264 (6th Dist.); *Harman v. Gessner* (Sept. 9, 1997), 7th Dist. No. 96 C.A. 123, 1997 WL 568009, at *3; *Francis v. Cleveland* (1992), 78 Ohio App.3d 593, 596, 605 N.E.2d 966 (8th Dist.); *Peoples Rights Org., Inc. v. Montgomery* (2001), 142 Ohio App.3d 443, 482–483, 756 N.E.2d 127 (12th Dist.).

{¶ 24} However, two appellate districts, including the Tenth, have held that the four-year statute of limitations set forth in R.C. 2305.09(D) applies to Section 1983 claims. See *Prohazka v. Ohio State Univ. Bd. of Trustees* (Dec. 16, 1999), 10th Dist. No. 99AP-2, 1999 WL 1189036, *9; *Bojac Corp. v. Kutevac* (1990), 64 Ohio App.3d 368, 370–371, 581 N.E.2d 625 (11th Dist.).

{¶ 25} Relying on its prior decision in *Prohazka,* the court of appeals herein held that four years is the appropriate limitations period for Section 1983 actions,

---

1. Although R.C. 2305.09 as it existed in 2002 differs from the current version, the differences do not affect our analysis. See 145 Ohio Laws, Part I, 1380–1381.

2. This current version of the statute differs from the 2002 version, but the quoted language has not changed. See 149 Ohio Laws, Part I, 412.

reasoning that R.C. 2305.09(D) is Ohio's residual statute of limitations for personal injury. *Nadra v. Mbah,* Franklin App. No. 06AP–829, 2007-Ohio-501, 2007 WL 339175, at ¶ 41. In *Prohazka,* the court reasoned that "[t]he express language of R.C. 2305.10 limits the provision's application to actions for 'bodily injury or injuring personal property.' The language of R.C. 2305.09(D), by contrast, applies the provision otherwise to all undelineated personal injury actions." Id., Franklin App. No. 99AP-2, 1999 WL 1189036, at *9. Thus, the appellate court herein held that R.C. 2305.09 is Ohio's residual personal-injury statute of limitations applicable to Section 1983 actions. Id. We find that R.C. 2305.10 is not as limited in its application as *Prohazka* holds.

{¶ 26} *Okure* describes a general statute of limitations as applying to all personal-injury actions with certain exceptions. *Okure,* 488 U.S. at 246, 109 S.Ct. 573, 102 L.Ed.2d 594. We have recognized that personal injury includes injury to one's body and injury to one's reputation. *Smith v. Buck* (1929), 119 Ohio St. 101, 162 N.E. 382.

{¶ 27} Clearly, R.C. 2305.10 applies to most cases involving bodily injury. For example, we have recognized that "[w]hen bodily injury results from negligence, the two-year statute of limitations, R.C. 2305.10, is the appropriate statute of limitations." *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 524 N.E.2d 166. Interpreting the two-year statute of limitations in G.C. 11224–1 (the predecessor to R.C. 2305.10),[3] we adopted the prevailing rule that a statute of limitations that covers injuries to the person or bodily injury "governs all actions the real purpose of which is to recover for an injury to the person, whether based upon contract or tort, and a general statute, limiting the time for bringing an action out of a contractual relationship, is without application." *Andrianos v. Community Traction Co.* (1951), 155 Ohio St. 47, 50, 44 O.O. 72, 97 N.E.2d 549. We further recognized that this provision "is not confined to any particular type of injury, nor does it concern itself with the circumstances under which an injury was inflicted. On its face, it clearly covers *all* actions based on a claim respecting bodily injury." (Emphasis added.) Id. at 51, 44 O.O. 72, 97 N.E.2d 549.

{¶ 28} We have also held that claims of humiliation and loss of reputation allege "personal injury" and are governed by the two-year statute of limitations in R.C. 2305.10, not the four-year statute of limitations in R.C. 2305.09(D). *Lawyers Coop. Publishing Co. v. Muething* (1992), 65 Ohio St.3d 273, 280–281, 603 N.E.2d 969.

---

3. Both G.C. 11224–1 and R.C. 2305.10 contain the language "[a]n action for bodily injury or injuring personal property shall be brought within two years after the cause" accrues (G.C. 11224–1 says "arose"). See *Peoples Rights Org., Inc. v. Montgomery* (2001), 142 Ohio App.3d 443, 482, 756 N.E.2d 127.

{¶ 29} Thus, R.C. 2305.10 applies to personal injury, including bodily injury, harassment, and loss of reputation.

*C. R.C. 2305.09(D) Excludes Coverage of Injuries Governed by R.C. 2305.10*

{¶ 30} We also find that, compared to R.C. 2305.10, R.C. 2305.09(D) applies to a relatively narrow range of personal-injury claims. In *Okure*, the court rejected intentional-tort statutes of limitations as governing Section 1983 claims, finding an intentional-tort analogy "particularly inapposite in light of the wide spectrum of claims which § 1983 has come to span." *Okure*, 488 U.S. at 249, 109 S.Ct. 573, 102 L.Ed.2d 594. We similarly find that the range of actions governed by R.C. 2305.09(D) is too narrow to apply to Section 1983, because R.C. 2305.09(D) specifically excludes claims governed by R.C. 2305.10, which applies to a host of personal-injury actions. Therefore, similar to the intentional-tort analogy rejected in *Okure*, we find that the scope of R.C. 2305.09(D)'s coverage for personal injuries is too narrow to be analogous to the "broad array" of actions filed in Section 1983 actions. While R.C. 2305.09(D) might be a residual statute of limitations, it is not a residual statute of limitations for personal injuries as defined in *Okure*.

{¶ 31} Therefore, we hold that R.C. 2305.10 is Ohio's general statute of limitations for personal injury applicable to all claims under Section 1983, Title 42, U.S.Code, filed in state court. *Okure*, 488 U.S. at 246, 109 S.Ct. 573, 102 L.Ed.2d 594. Accordingly, the court of appeals erred in holding that R.C. 2305.09(D) governs Section 1983 claims in Ohio.

## IV. Nadra's Complaint Is Time–Barred

{¶ 32} Nadra's complaint asserted that the child-abuse complaint against her was false and that FCCS failed to return custody of her child to her after criminal charges of child abuse against her were resolved. The child-abuse complaint was filed on January 3, 2002, and the permanent custody of Nadra's child was awarded to the child's father on August 20, 2002, thereby effectively terminating FCCS's authority over Nadra's child. The cognizable events in this case for purposes of the statute of limitations were the filing of the child-abuse complaint and the award of permanent custody. Both occurred more than two years prior to the filing of Nadra's complaint on February 25, 2005. Thus, Nadra's complaint is barred by the two-year statute of limitations in R.C. 2305.10. Accordingly, we reverse the judgment of the court of appeals.

Judgment reversed.

MOYER, C.J., and O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

PFEIFER and LANZINGER, JJ., dissent.

PFEIFER, J., dissenting.

{¶ 33} R.C. 2305.09(D) provides a four-year limitations period for "an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 1304.35, 2305.10 to 2305.12, and 2305.14 of the Revised Code." What is a claim brought pursuant to Section 1983, Title 42, U.S.Code but an allegation of an "injury to the rights of the plaintiff"? To establish a Section 1983 claim, "two elements are required: (1) the conduct in controversy must be committed by a person acting under color of state law, and (2) the conduct *must deprive the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.*" (Emphasis added.) *1946 St. Clair Corp. v. Cleveland* (1990), 49 Ohio St.3d 33, 34, 550 N.E.2d 456. Ohio has a statute of limitations that exactly applies to the injuries Nadra alleges. Instead of applying it, the majority undergoes a laborious, United States Supreme Court-authorized analysis to determine that the sky is chartreuse. It merely had to look up to see that it's blue.

LANZINGER, J., concurs in the foregoing opinion.

———————

Iyabo Nadra, pro se.

Ron O'Brien, Franklin County Prosecuting Attorney, and R. Matthew Colon, Assistant Prosecuting Attorney, for appellants.

Nancy Hardin Rogers, Attorney General, and William P. Marshall, Solicitor General, urging reversal for amicus curiae state of Ohio.