[Cite as *Pearson v. Columbus*, 2014-Ohio-5563.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Phyllis L. Pearson,                              :

      Plaintiff-Appellant,            :

                                            No. 14AP-313
v.                                               :            (C.P.C. No. 13CV-9497)

City of Columbus et al.,                         :            (REGULAR CALENDAR)

      Defendants-Appellees.           :

D E C I S I O N

Rendered on December 18, 2014

*Clifford O. Arnebeck, Jr.*, for appellant.

*Richard C. Pfeiffer, Jr.*, City Attorney, and *Andrew D.M. Miller*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Phyllis L. Pearson, appeals a judgment of the Franklin County Court of Common Pleas that dismissed her action against defendants-appellees, Joseph Valiski and Donald Worthington. For the following reasons, we affirm that judgment.

{¶ 2} On August 26, 2013, Pearson filed suit against the city of Columbus, the Columbus Division of Police, and John Does 1 and 2. According to the complaint, the John Doe defendants were police officers employed by the Columbus Division of Police who unjustifiably shot and killed Pearson's son, Obee Shepard, on August 26, 2011. The complaint referred to those police officers by fictitious names because their actual names were then unknown and undiscoverable. Pearson, as administrator of Shepard's estate

and Shepard's next of kin, asserted wrongful death and survivor claims against each defendant.

{¶ 3} Pearson instructed the Franklin County Clerk of Courts to serve copies of the complaint upon the city, the Columbus Division of Police, and the John Doe defendants by certified mail. Pearson directed the clerk to address the copies to the John Doe defendants to the care of the Columbus Division of Police. The clerk issued summonses in the names of "John Doe 1" and "John Doe 2." Using certified mail, the clerk served copies of the complaint and the summonses on the John Doe defendants at the specified address.

{¶ 4} On October 1, 2013, Pearson filed an amended complaint that substituted the actual names of appellees in place of the "John Doe" designation. The amended complaint alleged that Valiski and Worthington were the police officers who killed Shepard. Per Pearson's instruction, the clerk served copies of the amended complaint, along with summonses issued in appellees' actual names, on Valiski and Worthington.

{¶ 5} Instead of answering the amended complaint, Valiski and Worthington moved to dismiss it pursuant to Civ.R. 12(B)(6). They argued that Pearson failed to sue them prior to the lapse of the two-year statute of limitations, and thus, Pearson's action against them was time barred. Pearson responded that the allegations in the amended complaint related back to the date of the original complaint pursuant to Civ.R. 15(C). Since the original complaint was filed within the statute of limitations, Pearson asserted that dismissal was unwarranted. Valiski and Worthington replied that Pearson could not take advantage of Civ.R. 15(C) because she failed to meet the requirements of Civ.R. 15(D), which delineates the procedure for commencing an action against a defendant when the plaintiff does not know the defendant's name.

{¶ 6} The trial court agreed with Valiski and Worthington that Pearson had not satisfied Civ.R. 15(D). The trial court found that Pearson had not met all the Civ.R. 15(D) requirements because she failed to: (1) personally serve copies of the original complaint and summonses on Valiski and Worthington, and (2) include in the summonses the words "name unknown." Due to Pearson's failure to comply with Civ.R. 15(D), the amended complaint did not relate back and, consequently, the two-year statute of

limitations barred Pearson from pursuing her claims against Valiski and Worthington. The trial court issued a judgment dismissing Pearson's action on March 18, 2014.[1]

{¶ 7}   Pearson appeals the March 18, 2014 judgment, and she assigns the following error:

> THE TRIAL COURT BELOW ERRED TO THE PREJUDICE OF PHYLLIS L. PEARSON BY DISMISSING HER FIRST AMENDED COMPLAINT ON THE GROUND THAT IT FAILED TO STATE CLAIMS FOR RELIEF AGAINST JOSEPH VALISKI AND DONALD WORTHINGTON.

{¶ 8}   A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint.  *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11.  A court may dismiss a complaint under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the face of the complaint conclusively shows that the action is time barred.  *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 13.   Appellate courts review de novo a trial court's decision to dismiss pursuant to Civ.R. 12(B)(6).  *Id.* at ¶ 12.

{¶ 9}   Here, the parties agree that a two-year statute of limitations applies, although they differ regarding the source of that statute of limitations.  Pearson points to R.C. 2125.02(D)(1), which establishes a two-year statute of limitations for wrongful death actions.  Defendants, on the other hand, reference R.C. 2744.04(A), which states that:

> action[s] against a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or propriety function * * * shall be brought within two years after the cause of action accrues, or within any applicable shorter period of time for bringing the action provided by the Revised Code.

{¶ 10} The limitations period in R.C. 2744.04(A) applies to both political subdivisions and their employees.  *Davis v. Clark Cty. Bd. of Commrs.*, 2d Dist. No. 2011-CA-84, 2013-Ohio-2758, ¶ 23; *Nadra v. Mbah*, 10th Dist. No. 06AP-829, 2007-Ohio-501, ¶ 20, *rev'd on other grounds*, 119 Ohio St.3d 305, 2008-Ohio-3918; *Gnezda v. N. Royalton*, 8th Dist. No. 83268, 2004-Ohio-1678, ¶ 15.   R.C. 2744.04(A) is a special

---

[1] The trial court found the city and Columbus Division of Police immune from liability under R.C. Chapter 2744 and dismissed the claims against them for that reason.  Pearson does not challenge that ruling.

provision governing the statute of limitations in tort cases against political subdivisions and their employees and, thus, it prevails over general statutes of limitations. *Davis* at ¶ 23; *Gnezda* at ¶ 15. Here, appellees are city employees who allegedly engaged in tortious conduct. Accordingly, we conclude that the statute of limitations found in R.C. 2744.04(A) applies and, pursuant to R.C. 2744.04(A), Pearson had to file her action within two years of its accrual.

{¶ 11} Pearson's claim accrued on August 26, 2011, so the statute of limitations lapsed on August 26, 2013. Pearson did not bring her claims against Valiski and Worthington until October 1, 2013—over a month after the statute of limitations ran. Her claims, therefore, are barred by the statute of limitations unless they fall within the aegis of Civ.R. 15(C). According to Civ.R. 15(C), "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." If Civ.R. 15(C) applies, then Pearson's claims against Valiski and Worthington, which Pearson asserted in the amended complaint, will relate back to the original pleading. Since the original pleading was filed within the statute of limitations, the "relation back" will render the claims timely.

{¶ 12} Pearson, however, cannot rely on Civ.R. 15(C) unless she properly complied with the requirements of Civ.R. 15(D). *LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 1. Civ.R. 15(D) states:

> When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof must be served personally upon the defendant.

{¶ 13} Civ.R. 15(D) allows a plaintiff to name a fictitious defendant when the plaintiff knows the identity and whereabouts of a defendant, but not the defendant's name. *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, ¶ 24. To invoke Civ.R. 15(D), the plaintiff must identify the defendant in the complaint with enough specificity that personal service can be obtained on the defendant. *Id.*, quoting *Varno v. Bally Mfg.*

*Co.*, 19 Ohio St.3d 21, 24 (1985).  In other words, a plaintiff cannot merely add a generic "John Doe" defendant to the complaint and expect to use Civ.R. 15(D) to later amend to include the actual defendant.  In addition to designating "John Doe" as a defendant, the plaintiff must provide enough identifying information about "John Doe" to enable personal service.

{¶ 14} Unfortunately, no precedent sets out the exact degree of specificity necessary to properly identify a fictitiously named defendant.  Both the Supreme Court of Ohio and the staff notes to Civ.R. 15(D) indicate that the rule would allow a plaintiff who files an action against a defendant in the defendant's last name only to later amend to set forth the defendant's full name.  *Erwin* at ¶ 37.  On the other end of the spectrum, the Supreme Court found that Civ.R. 15(D) did *not* apply where a plaintiff brought an action "using the generic description of a doctor licensed in Ohio, whose actions caused her husband's death."  *Id.* at ¶ 34.

{¶ 15} In addition to identifying the defendant in the original complaint, the plaintiff seeking to take advantage of Civ.R. 15(D) must also:  (1) aver in the original complaint that she could not discover the name of the fictitious defendant; (2) include the words "name unknown" in the summons, and (3) personally serve the defendant with copies of the original complaint and the summons containing the words "name unknown."  *Erwin* at ¶ 31; *Easter v. Complete Gen. Constr. Co.*, 10th Dist. No. 06AP-763, 2007-Ohio-1297, ¶ 45.  If a plaintiff performs each of these requirements, then Civ.R. 15(D) permits the plaintiff to amend the original complaint to designate the defendant by the correct name once the plaintiff discovers that name.

{¶ 16} Here, Pearson did not include the words "name unknown" in the summonses, and she did not personally serve appellees with copies of the original complaint and summonses.  Pearson, therefore, did not comply with the Civ.R. 15(D) requirements.  Pearson resists this conclusion.  First, Pearson argues that the trial court could not decide whether she complied with Civ.R. 15(D) because, to do so, the court had to look to evidence outside of the complaint.

{¶ 17} A court cannot rely on evidence outside of the complaint to decide a Civ.R. 12(B)(6) motion.  *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997).  However, a court can take judicial notice of "appropriate matters" in determining a Civ.R.

12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10. These "appropriate matters" include prior proceedings in the immediate case. *Charles v. Conrad*, 10th Dist. No. 05AP-410, 2005-Ohio-6106, ¶ 26; *Brubaker v. Ross*, 10th Dist. No. 00AP-1159 (Apr. 17, 2001). Applying this rule, the trial court took judicial notice of the circumstances surrounding the service of the John Doe defendants. The trial court determined those circumstances from documents contained in the record, including copies of the original summonses directed to the John Doe defendants, the instructions for service that Pearson's attorney submitted to the clerk, and documents evincing certified mail service on the John Doe defendants.

{¶ 18} Pearson contends that taking judicial notice was error because service of a complaint and summons does not constitute a "proceeding." We disagree. The term "proceeding" refers to "[t]he regular and orderly progression of a lawsuit" and includes "[a]n act or step that is part of a larger action." *Black's Law Dictionary* (9th Ed.2009). Service of the original complaint and summonses, therefore, is part of the proceedings of this case.

{¶ 19} Pearson next maintains that Civ.R. 12(B) limits consideration of matters outside of the complaint to those specifically enumerated in Civ.R. 56, and consideration of evidence taken by judicial notice is not specifically enumerated in Civ.R. 56. Pearson bases this argument on the portion of Civ.R. 12(B) that states:

> When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56.

Pursuant to this provision, after a trial court converts a motion to dismiss into a motion for summary judgment, the court must decide the converted motion based on Civ.R. 56(C) evidence. *State ex rel. V Cos. v. Marshall*, 81 Ohio St.3d 467, 473 (1998). This provision does not apply here because the trial court did not convert appellees' Civ.R. 12(B) motion into a motion for summary judgment.

{¶ 20} In sum, we reject each of Pearson's judicial-notice arguments. Therefore, we conclude that the trial court did not err in taking judicial notice of the manner of service and the documents served on the John Doe defendants.

{¶ 21} Second, Pearson argues that, by alleging in the original complaint that Valiski's and Worthington's names were unknown, she met the requirement that the summonses include the words "name unknown." We are not persuaded. The plain, unambiguous language of Civ.R. 15(D) mandates that the words "name unknown" appear in the summons, not the complaint. We cannot alter that language. *State ex rel. Fifth Third Mtge. Co. v. Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177, ¶ 16 (holding that, if a court rule is unambiguous, then a court must apply it as written).

{¶ 22} Third, Pearson argues that the trial court committed plain error by not delaying its decision on appellees' motion to dismiss to allow her additional time to personally serve Valiski and Worthington with the necessary documents. Pearson points out that, pursuant to Civ.R. 3(A) and 15(C), an amendment substituting the actual defendant's name for a fictitious name will relate back to the filing of the original complaint if the plaintiff obtains service within one year of the filing of the original complaint.[2] Pearson filed her original complaint on August 26, 2013, and, thus, she had until August 26, 2014 to personally serve copies of the original complaint and summonses (with the words "name unknown") on Valiski and Worthington. The trial court issued a judgment granting appellees' dismissal motion on March 18, 2014—approximately five months before the service deadline. Pearson maintains that the trial court should have, on its own initiative, (1) notified her that she still had time to properly serve appellees and (2) withheld judgment until the August 26, 2014 deadline expired.

{¶ 23} In response to this argument, appellees rely on *Anetomang v. OKI Sys. Ltd.*, 10th Dist. No. 10AP-1182, 2012-Ohio-822, wherein this court stated that, "in *Erwin*, [125 Ohio St.3d 519, 2010-Ohio-2202,] the court * * * stated that service on the fictitiously named defendant, using the original complaint and a summons containing the words 'name unknown,' must be completed prior to the expiration of the applicable statute of limitations." *Anetomang* at ¶ 18. (Emphasis omitted.) Based on this statement,

---

[2] In relevant part, Civ.R. 3(A) states, "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon * * * a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)."

appellees argue that Pearson had to personally serve appellees by August 26, 2013—the date the statute of limitations expired—and not August 26, 2014.

{¶ 24} In *Erwin*, the Supreme Court of Ohio held that "Civ.R. 15(D) does not authorize a claimant to designate defendants using fictitious names as placeholders in a complaint filed within the statute-of-limitations period and then identify, name, and personally serve those defendants after the limitations period has elapsed." *Id.* at paragraph two of the syllabus. The court went on to state, "To construe the rule to allow the use of placeholders for unidentified defendants would eliminate the statute of limitations for every cause of action." *Id.* at ¶ 4.

{¶ 25} The *Erwin* court drew a distinction between knowing the name of a defendant and knowing the identity of a defendant. In order to use Civ.R. 15(D), a plaintiff who does not know the name of the defendant must still identify the defendant in the original complaint. *Id.* at ¶ 24, 30, 38. A plaintiff identifies a defendant by alleging in the complaint a sufficient description of the defendant to allow personal service of the defendant. *Id.* at ¶ 24, 31, 40. An insufficiently identified defendant is a mere "placeholder," and Civ.R. 15(D) does not apply to such placeholders. *Id.* at ¶ 30. Thus, a plaintiff cannot name a placeholder in a timely filed complaint and expect to rely on Civ.R. 15(D) to amend the complaint after the statute of limitations has run. Civ.R. 15(D) does not provide a means for a plaintiff to pursue an action against a defendant who the plaintiff fails to identify prior to the lapse of the statute of limitations.

{¶ 26} Lack of appreciation for the difference between naming and identifying a defendant results in an incorrect interpretation of *Erwin*. As we stated above, the Supreme Court held that a plaintiff cannot use placeholders, i.e., non-identified defendants, in a timely filed complaint "and then identify, name, and personally serve those defendants after the limitations period has elapsed." *Id.* at paragraph two of the syllabus. By this holding, the court did not require service of the original complaint and summons on fictitiously named defendants prior to the expiration of the statute of limitations. Rather, the court was condemning the use of placeholders and prohibiting the application of Civ.R. 15(D) when a plaintiff uses a placeholder in an attempt to extend the statute of limitations.

{¶ 27} This interpretation of *Erwin* is consistent with prior Supreme Court precedent addressing Civ.R. 15(D) in conjunction with Civ.R. 3(A) and 15(C). In *LaNeve*, the court held that Civ.R. 3(A) "specifically permits an amendment made pursuant to Civ.R. 15(D) to relate back to the filing of an original complaint, provided service is obtained within one year of the filing of the original complaint." *LaNeve*, 119 Ohio St.3d 324, 2008-Ohio-3921, at ¶ 12, citing *Amerine v. Haughton Elevator Co.*, 42 Ohio St.3d 57, 59 (1989). Thus, as long as the plaintiff files the original complaint prior to the expiration of the applicable statute of limitations, a plaintiff does not have to personally serve the fictitiously named defendant within the statute of limitations. *Id.* Instead, the plaintiff has one year from the date of filing of the original complaint to achieve personal service of the fictitiously named defendant.

{¶ 28} *Erwin* did not overrule *LaNeve* or *Amerine*. In fact, the *Erwin* court recognized that "a plaintiff may benefit from the one-year period allowed in Civ.R. 3(A) to perfect personal service upon the fictitiously named defendant if the plaintiff has otherwise complied with Civ.R. 15(D) in filing the complaint." (Emphasis omitted.) *Erwin* at ¶ 25, citing *LaNeve* at ¶ 15; *Amerine* at 58.

{¶ 29} Based on all of the foregoing, we conclude that we contravened Supreme Court precedent and Civ.R. 3(A) in *Anetomang* when we held that a plaintiff must serve the original complaint and summons on a fictitiously named defendant before the expiration of the applicable statute of limitations. To that limited extent, we overrule *Anetomang*. Within the statute of limitations, a plaintiff must file an original complaint that identifies the fictitiously named defendant and alleges the inability to discover that defendant's name. After filing its original complaint, a plaintiff has one year to accomplish personal service of the original complaint and summons, which must include the words "name unknown," on the fictitiously named defendant. The expiration of the statute of limitations after the filing of the complaint does not truncate that one year.

{¶ 30} Applying Civ.R. 3(A) to the instant case, we conclude that Pearson had until August 26, 2014 to personally serve the John Doe defendants with copies of the original complaint and summonses that included the words "name unknown." We, however, cannot conclude that the trial erred in not sua sponte withholding its ruling on appellees' motion to dismiss so that Pearson could obtain proper service. Pearson controlled both

the method and timing of service. Pearson, thus, had the responsibility to ensure compliance with Civ.R. 15(D) in a timely fashion. Unfortunately, Pearson did not fulfill her responsibility. Pearson chose to serve the John Doe defendants by certified mail, a type of service which does not satisfy Civ.R. 15(D). In her service instructions, she omitted the words "name unknown" in relation to the John Doe defendants, thus leading the clerk to omit those words from the summonses. Pearson had time to fix her initial mistakes once appellees pointed them out in the motion to dismiss. However, in the four months the Civ.R. 12(B)(6) motion was pending, Pearson made no attempt to correct the deficiencies in the method of service or the content of the summonses. Moreover, Pearson failed to request that the trial court delay its ruling to allow her to achieve proper service. Given these circumstances, the trial court was under no obligation to defer its decision on the motion to dismiss.[3] Pearson simply failed to obtain proper service of the original complaint on defendants by August 26, 2014.

{¶ 31} In sum, we conclude that Pearson failed to comply with Civ.R. 15(D) and, consequently, her amended complaint does not relate back to the filing of her original complaint. The trial court, therefore, did not err in granting appellees' Civ.R. 12(B)(6) motion on statute-of-limitations grounds.

{¶ 32} For the foregoing reasons, we overrule Pearson's sole assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

––––––––––––

[3] We note that, even after the trial court issued its decision, Pearson could have obtained the time necessary to properly serve defendants by requesting a stay of the decision. Pearson did not do this.