[Cite as *Schisler v. Columbus Med. Equip.*, 2016-Ohio-3302.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Vernon Schisler, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 15AP-551 |
| v. | : | (C.P.C. No. 13CV-13717) |
| Columbus Medical Equipment et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 7, 2016

**On brief:** *Donahey, Defossez & Beausay*, and *Jacob J. Beausay*, for appellant. **Argued:** *Jacob J. Beausay*.

**On brief:** *Weston Hurd LLP, Shawn W. Maestle*, and *John G. Farnan*; *Law Offices of Steven Kelley*, and *Cornelius J. O'Sullivan, Jr.*, for appellees. **Argued:** *John G. Farnan*.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Plaintiff-appellant, Vernon Schisler, appeals the May 15, 2015 judgment of the Franklin County Court of Common Pleas granting the motion for summary judgment and judgment on the pleadings filed by defendants-appellees, Robert Jones ("Jones") and Columbus Medical Equipment ("CME"), and dismissing the complaint. For the reasons that follow, we affirm in part and reverse in part the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The facts of this case are undisputed. On December 12, 2011, appellant was involved in an automobile accident which allegedly caused him to suffer personal injuries. On December 20, 2013, appellant filed a complaint in the trial court naming as defendants:

COLUMBUS MEDICAL EQUIPMENT
c/o Mike Gunner, Statutory Agent

3535 Fishinger Blvd., Suite 220
Columbus, Ohio 43026

and

JOHN DOE
306 East 5th Avenue
Columbus, Ohio 43201

{¶ 3}  According to the complaint, "John Doe[,] an employee, agent, or apparent agent of Defendant Columbus Medical Equipment * * * operat[ed] a motor vehicle * * * in connection with his employment with Columbus Medical Equipment" and "negligently struck Mr. Schisler's vehicle." (Dec. 20, 2013 Compl. at 1-2.) The complaint references two dates of the alleged accident: December 11, and December 21, 2011. (Compl. at 1.)  The complaint further states that "[t]he identity of Defendant Doe could not reasonably [be] ascertained." (Compl. at 1.) Appellant requested service of the complaint upon CME and John Doe by certified mail, and the summons accordingly issued under those names. Service of the original complaint by certified mail was completed for CME, and was completed for John Doe with the recipient signature "Carl A. Mulberry." (Dec. 27, 2013 Proof of Service at 1.)

{¶ 4}  Three days later, on December 23, 2013, appellant amended the complaint, substituting "Robert Jones" in the place of John Doe, with the same address. (Dec. 23, 2013 First Am. Compl. at 1.) The amended complaint states the date of the accident as "[o]n or about December 21, 2011." (Am. Compl. at 1.) Appellant again requested service of the amended complaint upon CME and Robert Jones by certified mail. Service of the amended complaint by certified mail was completed with respect to both CME and Jones.

{¶ 5}  On January 17, 2014, appellees answered the complaint asserting, among other defenses, insufficiency of service of the summons and complaint, failure to be properly identified, and expiration of the statute of limitations. Seven months later, on July 9, 2014, appellee Jones answered in his response to interrogatories that he had personally left the state of Ohio from July 14-27, 2012, July 11-22, 2013, and October 3-6, 2013, and that CME "remained open for business at all of [the] aforementioned times." (Def.'s Answers to Pl.'s Interrogs. at 3.)

{¶ 6}   On September 26, 2014, appellees filed a motion for summary judgment asserting that, despite the dates in the complaint, the accident actually occurred on December 12, 2011, and, therefore, the statute of limitations against CME and Jones expired before appellant filed the lawsuit. Appellees attached appellant's responses to appellees' request for admissions in support of their motion to support the assertion that the accident actually occurred on December 12, 2011. Appellant filed a memorandum contra on October 9, 2014, asserting that the statute of limitations had been tolled for approximately 27 days when Jones left the state during the limitations period, and that CME's liability was solely a derivative cause of action. Appellant attached appellee Jones' answers to interrogatories, showing that appellee Jones left the State of Ohio for approximately 27 days between July 14, 2012 and October 6, 2013.

{¶ 7}   The motion for summary judgment remained pending before the trial court. On January 16, 2015, appellees filed a "Motion for Judgment on the Pleadings in Favor of Defendant Robert Jones and Renewed Motion for Summary Judgment in Favor of Columbus Medical Equipment," arguing that the original summons did not contain the words "name unknown" and that Jones was not personally served with a copy of either the original or amended complaint under Civ.R. 15(D).  Thus, according to appellees, appellant's failure to comply with the strict requirements of Civ.R. 15(D) resulted in the relation back concept of Civ.R. 15(C) being inapplicable to the amended complaint filed on December 23, 2013. In the renewed motion for summary judgment in favor of CME, appellees reiterated their argument that the claim was barred by the statute of limitations. Appellees attached exhibits to their motions including appellant's responses to requests for admissions showing the date of the accident as December 12, 2011.  Appellant filed a memorandum contra, with the answers to interrogatories again attached as an exhibit showing the times appellee Jones was absent from the state, followed by appellees' reply.

{¶ 8}   On May 15, 2015, the trial court granted appellees' motions and dismissed the complaint. In doing so, the court ruled that appellant filed his initial complaint eight days after the two-year statute of limitation ran as it applies to CME, and, therefore, granted appellees' motion for summary judgment in part. The court additionally found that, under Civ.R. 15(D), appellant failed to include the words "name unknown" on the summons and failed to perfect personal service of the complaint on Jones, finding service

by certified mail insufficient under precedent analyzing service under Civ.R. 15(D). As such, the trial court granted appellees' motion for judgment on the pleadings in favor of Jones.

## II. ASSIGNMENTS OF ERROR

{¶ 9}   Appellant assigns two assignments of error for our review:

[I.] The trial court erred in granting Defendant Robert Jones' Motion for Judgment on the Pleadings because Civ.R. 15(D) is only applicable to dismiss a plaintiff's case when a plaintiff attempts to "relate back" pursuant to Civ.R. 15(C).

[II.] The trial court erred in granting Columbus Medical Equipment's Motion for Summary Judgment because the statute of limitations for a derivatively liable principal is the same as the agent's statute of limitations.

## III. DISCUSSION

### A. Standard of Review

{¶ 10} Civ.R. 12(C) states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "In ruling on a motion for judgment on the pleadings, the court is permitted to consider both the complaint and answer." *Peters v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-1048, 2015-Ohio-2668, ¶ 3, quoting *Toldeo City School Dist. Bd. of Edn. v. State Bd. of Edn.*, 10th Dist. No. 14AP-93, 2014-Ohio-3741, ¶ 18, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). Additionally, the Supreme Court of Ohio has held that "[i]t is axiomatic that a trial court may take judicial notice of its own docket." *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576, 580 (1994). Therefore, it is "proper for the trial court to take judicial notice of its docket in the immediate case in the context of a Civ.R. 12(C) motion to determine when and how [a defendant] was served with the complaint and summons." *Whitehead v. Skillman Corp.*, 12th Dist. No. CA2014-03-061, 2014-Ohio-4893, ¶ 8. *See also Pearson v. Columbus*, 10th Dist. No. 14AP-313, 2014-Ohio-5563, ¶ 17.

{¶ 11} When presented with a motion for judgment on the pleadings, a trial court must construe all the material allegations of the complaint as true and must draw all reasonable inferences in favor of the nonmoving party. *Smith v. Ohio Dept. of Transp.*,

10th Dist. No. 15AP-521, 2015-Ohio-5240, ¶ 6, citing *Peters* and *Pontious*. The court will grant the motion if it finds, beyond doubt, that the plaintiff can prove no set of facts in support of the claim(s) that would entitle him or her to relief. *Id.* A judgment on the pleadings dismissing an action is subject to a de novo standard of review in the court of appeals. *Id.*, citing *RotoSolutions, Inc. v. Crane Plastics Siding, L.L.C.*, 10th Dist. No. 13AP-1, 2013-Ohio-4343, ¶ 13, citing *Franks v. Ohio Dept. of Rehab. & Corr.*, 195 Ohio App.3d 114, 2011-Ohio-2048, ¶ 5 (10th Dist.).

{¶ 12} An appellate court reviews summary judgment under a de novo standard as well. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995); *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994). Summary judgment is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 13} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

**B. Original Motion for Summary Judgment**

{¶ 14} The bar of the statute of limitations was not obvious from the face of either complaint.   In the original motion for summary judgment appellees argued that the

statute of limitations expired with respect to both CME and appellee Jones before appellant filed his lawsuit. By filing a motion for summary judgment, appellees were permitted by rule to attach responses to the requests for admissions that showed the date of the accident as December 12, 2011 instead of the date referenced in the complaint. In responding to the motion for summary judgment, appellant was able to submit evidence that the statute of limitations was tolled while appellee Jones was out of state. Neither side contests these facts. What is apparent from the record is that neither side could establish its case simply by reference to the pleadings. Appellees needed information outside the pleadings to show that the date of the accident was really December 12, 2011, instead of December 21, 2011. Appellant needed information outside the pleadings to show that the two-year statute of limitations was tolled for the approximately twenty-seven days appellee Jones was out of state during the limitations period.

### C. Motion for Judgment on the Pleadings and Renewed Motion for Summary Judgment

{¶ 15} By filing both a motion for judgment on the pleadings as to appellee Jones and a renewed motion for summary judgment only as to appellee CME, appellees attempt to circumvent appellant's argument that both the complaint and the amended complaint were filed timely because appellee Jones was absent from the state. By filing a motion for judgment on the pleadings only with respect to appellee Jones, appellees seek to limit the court's consideration to the pleadings and thus require the court to determine the appeal without regard to the undisputed facts in the record that were established by means of the first motion for summary judgment; namely that both complaints were filed timely with respect to appellee Jones, and that the complaint contained an error as to the date the accident occurred. These facts are critically important in deciding whether the relation back doctrine of Civ.R. 15(C) and the strict filing requirements of Civ.R. 15(D) have any applicability to the case.

{¶ 16} Civ.R. 12(C) motions are specifically designed for resolving questions of law. *Peterson v. Teodosio,* 34 Ohio St. 2d 161, 166 (1973). Additionally, a Civ.R. 12(C) motion "requires a determination that no factual issues exist and that the movant is entitled to judgment as a matter of law." *Pontious* at 570. Here, the statute of limitations and the timeliness of the amended complaint are crucial factors in deciding whether appellant was

required to comply with the strictures of Civ.R. 15(D). Whether the statute of limitations barred this action and whether appellant had to comply with the requirements of Civ.R. 15(D) cannot be determined from the pleadings because neither the complaint nor the amended complaint states the correct date of the accident or shows the time during which the statute of limitations was tolled. A motion to dismiss or a motion for judgment on the pleadings, based on the bar of the statute of limitations, should not be granted if the complaint does not conclusively demonstrate on its face that the action is barred by the statute of limitations. *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376 (1982), paragraph three of the syllabus; *Goodwin v. Dept. of Rehab. & Corr.*, 10th Dist. No. 95API03-393 (Sep. 19, 1995). Thus, judgment on the pleadings was not the appropriate mechanism for determining whether the claim against appellee Jones should have been dismissed because the statute of limitations issue could not be resolved simply by reference to the pleadings.

{¶ 17} One important purpose of the Ohio Rules of Civil Procedure is to "effect just results by eliminating * * * impediments to the expeditious administration of justice." Civ.R. 1(B). Appellees filed a motion for summary judgment as to both appellees, then combined motion for judgment on the pleadings and a motion for summary judgment. Since our standard of review for both motions is de novo, and there are no genuine issues of material fact, we shall accept the materials submitted by the parties as exhibits and review the trial court's decision to dismiss the complaint under the de novo summary judgment standard of review.

### D. First Assignment of Error

{¶ 18} In his first assignment of error, appellant contends the trial court erred in dismissing appellant's complaint against appellee Jones based on its application of Civ.R. 15(D). Appellant argues that since he amended his complaint within 28 days of serving his original complaint under Civ.R. 15(A), and "properly substituted" Jones for "John Doe" prior to the expiration of the statute of limitations, Civ.R. 15(D) does not apply. (Appellant's Brief, 14.) In essence, appellant argues that compliance with Civ.R. 15(D) is only required in "relation back" situations where the statute of limitations has intervened between the original and amended complaint. (Appellant's Brief, 17.)

{¶ 19} Appellees argue that the plain language of Civ.R. 15(D) provides that plaintiffs who do not know the names of identified parties must follow certain requirements, and does not confine compliance with the rule to relation back factual situations.

{¶ 20} Civ.R. 15 provides requirements for amendment and supplementing pleadings. In pertinent part, Civ.R. 15 states:

> **(A) Amendments.** A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires.
>
> * * *
>
> **(C) Relation back of amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
>
> * * *
>
> **(D) Amendments where name of party unknown.** When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must

> contain the words "name unknown," and a copy thereof must
> be served personally upon the defendant.

{¶ 21} In analyzing Civ.R. 15(D), the Supreme Court has specified that "[a] claimant may use Civ.R. 15(D) to file a complaint designating a defendant by any name and designation when the plaintiff has identified but does not know the *name* of that party, provided that the plaintiff avers in the complaint that the name of the defendant could not be discovered and a summons containing the words 'name unknown' is issued and personally served on the defendant." (Emphasis sic.) *Erwin v. Bryan,* 125 Ohio St.3d 519, 2010-Ohio-2202, ¶ 40. Each Civ.R. 15(D) requirement must be met in order for the plaintiff to take advantage of Civ.R. 15(D), amend the original complaint, and invoke the relation-back provisions of Civ.R. 15(C). *Pearson* at ¶ 15. Furthermore, these requirements are strictly construed. *See, e.g., Pearson* at ¶ 16, 21 (finding allegation in original complaint that defendants' names were unknown insufficient to meet the Civ.R. 15(D) requirement that the summons include the words "name unknown"); *Laneve v. Atlas Recycling, Inc.,* 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 17 ("Certified mail is an improper method of service under Civ.R. 15(D), which specifies that personal service is the only method by which a fictitious, now identified, defendant may be served.").

{¶ 22} Here, it appears from the record that there was initial confusion about the date of the accident. Under Ohio law, the statutory time limit to commence a personal injury claim is two years from the date the injury was incurred or discovered. R.C. 2305.10(A). Apparently, appellant or his counsel thought that the accident occurred on December 21, 2011, and he filed the original complaint against CME and an unknown defendant on December 20, 2013, one day before he thought the statute of limitations expired.

{¶ 23} However, as appellant later learned in discovery, even though the accident actually occurred on December 12, 2011, the applicable statutory time limit had not expired as to appellee Jones because he had been absent from the State of Ohio. *See* R.C. 2305.15 (tolling of limitation during defendant's absence). Thus, both the original and amended complaints were filed within the applicable statute of limitations as applied to appellee Jones. Appellant filed his amended complaint within the statute of limitations as to appellee Jones. This was his right under Civ.R. 15(A), and once he obtained service on

appellee Jones, appellant's lawsuit was properly commenced pursuant to Civ.R. 3(A). These facts distinguish the instant case from the classic scenario which requires strict adherence to Civ.R. 15(D) so as to avoid the time bar of an applicable statute of limitations.

{¶ 24} Cases dealing with the application of Civ.R. 15(D) and the strict requirements contained in that rule, revolve around situations where a plaintiff files a complaint against a John Doe defendant and later substitutes a named defendant *after* the statute of limitations expires.  Such was the case in *Erwin*.  In *Erwin*, a wrongful death complaint named several "John Doe" defendants, but none of them were served with a summons before the expiration of the statute of limitations. The Supreme Court of Ohio recognized "that a claimant may not be able to identify all culpable parties at the time of filing a complaint," but went on to "point out that nothing in our opinion should be construed to prevent amendment of a timely filed complaint before the expiration of the statute of limitations." *Id.* at ¶ 39.

{¶ 25} In *Amerine v. Haughton Elevator Co.*, 42 Ohio St.3d 57 (1989), the plaintiff filed her original complaint against a company and two John Doe defendants two days before the expiration of the statute of limitations.  The plaintiff later discovered the identity of a John Doe defendant and filed an amended complaint outside the statute of limitations.  The Supreme Court of Ohio upheld dismissal of the complaint against the now identified John Doe defendant because the plaintiff failed to comply with Civ.R. 15(D) when she served the original complaint and the amended complaint upon the defendant by certified mail instead of personal service.  *Id.* at 58.  In that opinion, the Supreme Court of Ohio also stated that "[i]n determining if a previously unknown, now known, defendant has been properly served *so as to avoid the time bar of an applicable statute of limitations*, Civ. R. 15(D) must be read in conjunction with Civ.R. 15(C) and 3(A)."  (Emphasis added.) *Amerine* at syllabus.

{¶ 26} Here, the time bar of the statute of limitations is not an issue.  Appellant unquestionably filed both the original complaint and the amended complaint within the applicable statute of limitations as it applies to appellee Jones.  Therefore, when appellant filed his amended complaint he did not need to invoke the relation-back provisions of Civ.R. 15(C), and there is no need to consider Civ.R. 15(D) because the amended

complaint was duly filed on December 23, 2013, within the applicable statute of limitations, and properly served upon appellee Jones as evidenced by the certified mail receipt in the record dated January 23, 2014.

{¶ 27} Under Civ.R. 15(A), a party may amend his pleading once as a matter of course at any time before a responsive pleading is served without leave of court. That is what happened here. Appellee Jones was properly served by certified mail with the summons and amended complaint. A plaintiff may properly name a fictitious defendant and amend his complaint under Civ.R. 15(A), without regard to the requirements of amending under Civ.R. 15(D), as long as the amended complaint is filed before the expiration of the statute of limitations.

{¶ 28} To apply Civ.R. 15(D) to dismiss this action against appellee Jones in the presence of another rule, Civ.R. 15(A), that permits a plaintiff leave to freely amend his complaint once as a matter of course without leave of court, is not in the spirit of the Civil Rules. Civ.R. 15(D) should not operate in a manner that cancels out Civ.R. 15(A). "The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies. * * * Pleadings are simply an end to that objective." *Peterson* at 175.

{¶ 29} Consequently, the trial court erred by dismissing the claim against appellee Jones. Accordingly, appellant's first assignment of error is sustained.

### E. Second Assignment of Error

{¶ 30} Appellant's second assignment of error asserts that the trial court erred in granting CME's motion for summary judgment because the statute of limitations for his derivative liability claims against CME was tolled for the 27 days Jones left Ohio. We disagree.

{¶ 31} Generally, a third party injured by an employee acting within the scope of his employment may pursue damages against the employer under the doctrine of respondeat superior in addition to or instead of pursuing damages against the employee. *Orebaugh v. Wal-Mart Stores, Inc.*, 12th Dist. No. CA2006-08-185, 2007-Ohio-4969, ¶ 13-19, citing *Flagg v. Bedford*, 7 Ohio St.2d 45, 47-48 (1966); *Tisdale v. Toledo Hosp.*, 197 Ohio App.3d 316, 2012-Ohio-1110, ¶ 42 (6th Dist.). The statute of limitations that applies to the claim against the employee also applies to the derivative action against the employer. *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 537 (1994). The

statute of limitations for negligence is two years. R.C. 2305.10(A). The statute of limitations may be tolled during a defendant's absence from the state. R.C. 2305.15(A). Generally, "[i]f a defendant is amenable to service of process during that time period for R.C. 2305.15(A) purposes, that defendant is present in the state," and the tolling statute does not apply. *Jones v. St. Anthony Med. Ctr.*, 10th Dist. No. 95APE08-1014 (Feb. 20, 1996), citing *Thompson v. Horvath*, 10 Ohio St.2d 247, 251 (1967).

{¶ 32} In their motion for summary judgment, appellees pointed to evidence that both the original and amended complaint fell outside of the two-year mark from the actual date of the accident, December 12, 2011, and that CME was amenable to service of process throughout the entire statutory period by being open for business and having a statutory agent. Appellant pointed to evidence that Jones left the state of Ohio from July 14-27, 2012, July 11-22, 2013, and October 3-6, 2013, and argued that those days should toll the statute of limitations for bringing a claim against CME. Because CME was amenable to service of process within the entire two-year statute of limitations period, and the complaint was filed over two years after the accident occurred, appellant's claim against CME is time barred. The trial court did not err in concluding the same.

{¶ 33} Accordingly, appellant's second assignment of error is overruled.

## IV. CONCLUSION

{¶ 34} Having determined that appellant's first assignment of error is sustained and the second assignment of error is overruled, we affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas, and remand the matter for further proceedings in accordance with this decision.

*Judgment affirmed in part,*
*reversed in part; cause remanded*

BROWN, J., concurs.
SADLER, J., concurs in part and dissents in part.

SADLER, J., concurring in part and dissenting in part.

{¶ 35} I agree with the majority that, under the second assignment of error, the trial court did not err in granting CME's motion for summary judgment. However, I disagree with the majority decision in determining under the first assignment of error that

the trial court erred in holding that Civ.R. 15(D) applies.  Accordingly, I respectfully concur in part and dissent in part.

{¶ 36} At the outset, I must note disagreement with the majority's essential conversion of the motion for judgment on the pleadings into a motion for summary judgment.  (*See* majority decision at 7.)  Not only am I unaware of any precedent to do so, nowhere in his brief does appellant call for us to convert the motion for judgment on the pleadings into a motion for summary judgment for purposes of review.  In fact, appellant provides us with the standard of review for a motion for a judgment on the pleadings and simply inserts information outside of the pleadings into his arguments without reconciling it with the limited standard of review on a motion for judgment on the pleadings.  In his first assignment of error, appellant seeks only review of whether the trial court erred in granting appellee Jones' motion for judgment on the pleadings "because Civ.R. 15(D) is only applicable to dismiss a plaintiff's case when a plaintiff attempts to 'relate back' pursuant to Civ.R. 15(C)."  (Appellant's Brief at 8-9.)  Nonetheless, in considering materials outside of the pleadings in this particular case (in ascertaining the correct date of the accident and potential tolling evidence), the majority has considered inappropriate materials under Civ.R. 12(C).

{¶ 37} Furthermore, despite the procedural nuances of this case, in my view the trial court did not err in dismissing appellant's complaint based on the application of Civ.R. 15(D).  First, the pleadings show that appellant filed the original complaint on December 20, 2013, the amended complaint on December 23, 2013, and indicated in the amended complaint that the accident occurred on December 21, 2011.  It is clear that appellant was attempting to relate the amended complaint back to the original complaint to avoid the two-year statute of limitations for the negligence claim and, in the process, invoked the procedures required by Civ.R. 15(D).  *See, e.g., Whitehead v. Skillman Corp.*, 12th Dist. No. CA2014-03-061, 2014-Ohio-4893, ¶ 10 ("When filing a complaint, Civ.R. 15(D) is invoked when a plaintiff is acquainted with the description of a defendant but is unaware of the defendant's name at the time the complaint is filed."); *Laneve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 14 ("[Plaintiff's] complaint invoked Civ.R. 15(D) by designating certain defendants as "John Doe, unknown.").

{¶ 38} I also disagree with the majority's view that Civ.R. 15(D) only applies within the context of relation back scenarios. The plain language of Civ.R. 15(D) provides that plaintiffs who do not know the names of identified parties "must" follow certain requirements and does not confine compliance with the rule to relation back factual situations. To the contrary, another section of the rule, Civ.R. 15(C), addresses relation back of amendments as a separate issue and includes within it relation back in regard to changing an "incorrectly named defendant," a separate endeavor from amending an unknown party name under Civ.R. 15(D). *See* Civ.R. 3(A) (distinguishing between incorrectly named defendants under Civ.R. 15(D) and defendants identified by fictitious names under Civ.R. 15(D)). While appellant cites to cases that discuss Civ.R. 15(D) within the context of resolving relation back issues, these cases do not stand for the proposition that Civ.R. 15(D) *only* applies within the context of relation back scenarios.

{¶ 39} I likewise disagree with the majority's view that Civ.R. 15(A) permits a plaintiff to disregard Civ.R. 15(D). My reading of the entirety of the rule shows that, while Civ.R. 15(A) allows amendment of a complaint without leave of court for a period of 28 days after serving it, Civ.R. 15(D) still has strict requirements regarding that amended complaint's content and how it may be served in situations involving identified but unnamed defendants. In other words, Civ.R. 15(D) is less about if/when a complaint can be filed than about what that complaint has to say and how it should be served in those situations where the name of the defendant is unknown. Because Civ.R. 15(A) allows amendment of a complaint without leave of court for a period of 28 days after serving it, in my view, appellant was free to amend the complaint during that time to adhere to Civ.R. 15(D) requirements regarding content and personal service. After that period, appellant was also free to seek the court's leave or written consent from the opposing counsel to properly amend the complaint to conform with Civ.R. 15(D).

{¶ 40} Having determined that Civ.R. 15(D) applies, I would find that appellant did not adhere to Civ.R. 15(D)'s strictly construed requirements. As we stated in *Pearson v. Columbus*, 10th Dist. No. 14AP-313, 2014-Ohio-5563, ¶ 21, "[t]he plain, unambiguous language of Civ.R. 15(D) mandates that the words 'name unknown' appear in the summons, not the complaint. We cannot alter that language." *See also Easter v. Complete Gen. Constr. Co.*, 10th Dist. No. 06AP-763, 2007-Ohio-1297, ¶ 36 (discussing

*Mears v. Mihalega*, 11th Dist. No. 97-T-0040 (Dec. 19, 1997), and *Amerine v. Haughton Elevator Co.*, 42 Ohio St.3d 57 (1989), as cases where the plaintiff's omission of the words "name unknown" in the summons, alone, warranted the granting of summary judgment). Thus, even without reaching the issue of personal service, it is clear that appellant did not comply with Civ.R. 15(D), as the summons did not contain the statutorily required phrase "name unknown."

{¶ 41} Therefore, because appellant filed an original complaint with the court that identified Jones by a fictitious name, but never corrected the name pursuant to Civ.R. 15(D), appellant did not meet the strict requirements of Civ.R. 15(D).  Accordingly, this action was never properly commenced under Civ.R. 3(A) ("A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D).").

{¶ 42} Finally, I would not address appellant's alternative argument asserting that his amended complaint should "effectively be considered a refiling" under *Goolsby v. Anderson Concrete Corp.*, 61 Ohio St.3d 549 (1991), and *Fetterolf v. Hoffmann-LaRoche, Inc.*, 102 Ohio App.3d 106 (11th Dist.1995), two cases which consider Civ.R. 3(A) commencement outside of the context of Civ.R. 15(D).  (Appellant's Brief at 22.) Appellant did not make this argument to the trial court.  *Niehaus v. Columbus Maennerchor*, 10th Dist. No. 07AP-1024, 2008-Ohio-4067, ¶ 55 ("It is well-settled that a party may not raise an issue on appeal that was not initially raised before the trial court."); *Ohio Farmers Ins. Co. v. Estate of Brace*, 116 Ohio App.3d 395, 401 (10th Dist.1997), quoting *AMF, Inc. v. Mravec*, 2 Ohio App.3d 29, 32 (8th Dist.1981) (" 'A party may not assert a new legal theory for the first time before an appellate court.' ").

{¶ 43} Accordingly, I would overrule appellant's first and second assignments of error and affirm the decision of the trial court.  Because the majority decision does otherwise and for the reasons stated above, I concur in part and dissent in part.

————————————