[Cite as *Welther v. Plageman*, 2021-Ohio-713.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Matthew Welther, | : | |
| Plaintiff-Appellant, | : | No. 19AP-774 |
| | | (C.P.C. No. 19CV-6240) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Elizabeth A. Plageman, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on March 11, 2021

**On brief:** *Matthew Welther*, pro se. **Argued:** *Matthew Welther*.

**On brief:** *Weston Hurd LLP, Joshua C. Berns,* and *Kevin R. Bush*, for appellee. **Argued:** *Joshua C. Berns.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Matthew Welther, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion of defendant-appellee, Elizabeth A. Plageman, for judgment on the pleadings pursuant to Civ.R. 12(C). For the following reasons, we affirm.

I. Factual and Procedural Background

{¶ 2} On August 2, 2019, Welther filed a complaint against Plageman alleging he was struck by an automobile driven by Plageman as he was walking in a crosswalk on January 1, 2017. On August 23, 2019, Plageman filed an answer denying any liability to Welther. A few weeks later, Plageman filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C), asserting, among other things, Welther's claims were barred by

the applicable statute of limitations.  Welther did not respond to the motion.  In October 2019, the trial court granted Plageman's motion and dismissed the matter with prejudice.

{¶ 3}   Welther timely appeals.[1]

## II.  Assignment of Error

{¶ 4}   Welther assigns the following error for our review:

> The office of the clerk of common pleas should have notified me of the defense attorney's motion via the e-filing. The office claims to have sent it. To date I have not found such document. We are at an impasse.

## III.  Discussion

{¶ 5}   Based on the trial court judgment from which Welther has appealed, we construe his sole assignment of error as alleging the trial court erred in granting Plageman's motion for judgment on the pleadings pursuant to Civ.R. 12(C) because he was not timely notified of Plageman's motion.  This assignment of error is not well-taken.

{¶ 6}   Pursuant to Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  When presented with such a motion, a court must construe all the material allegations of the complaint as true, and must draw all reasonable inferences in favor of the nonmoving party. *Zhelezny v. Olesh*, 10th Dist. No. 12AP-681, 2013-Ohio-4337, ¶ 8.  Therefore, a Civ.R. 12(C) motion "tests the allegations of the complaint and presents a question of law."  *Id.* at ¶ 9. We review a trial court's decision on a Civ.R. 12(C) motion under a de novo standard. *RotoSolutions, Inc. v. Crane Plastics Siding, LLC*, 10th Dist. No. 13AP-1, 2013-Ohio-4343, ¶ 13, citing *Franks v. Ohio Dept. of Rehab. & Corr.*, 195 Ohio App.3d 114, 2011-Ohio-2048, ¶ 5 (10th Dist.).

{¶ 7}   When a defendant moves for judgment on the pleadings based on the applicable statute of limitations, a court should dismiss a complaint on that basis only if the complaint "conclusively show[s] on its face the action is barred by the statute of limitations."  *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376 (1982), paragraph three of the syllabus; *Schisler v. Columbus Med. Equip.*, 10th Dist. No. 15AP-

---

[1] Plageman has filed a motion to dismiss this appeal based on Welther's noncompliance with the Ohio Rules of Appellate Procedure.  This motion is denied.

551, 2016-Ohio-3302, ¶ 16. Further, courts must remain mindful that a plaintiff does not have the burden of affirmatively pleading compliance with the applicable statute of limitations. *Mills v. Whitehouse Trucking Co.*, 40 Ohio St.2d 55, 60 (1974) ("To hold otherwise would effectively place the burden of affirmatively pleading compliance with the statute of limitations upon the plaintiff, contrary to the express mandate of Civ.R. 8(C)."); *see* Civ.R. 8(C) (identifying statute of limitations as an affirmative defense). *See Baker v. Scheetz*, 10th Dist. No. 18AP-655, 2019-Ohio-685, ¶ 6 (reversing trial court's sua sponte dismissal of action on statute of limitations grounds because the complaint did not conclusively demonstrate the action was filed beyond the applicable statute of limitations).

{¶ 8} The trial court granted Plageman's motion because it found Welther failed to commence his negligence action within the applicable statute of limitations. R.C. 2305.10(A) requires that a claim for negligence be filed "within two years after the cause of action accrues." Such "a cause of action accrues * * * when the injury or loss to person or property occurs." R.C. 2305.10(A). Welther's complaint alleges he was injured due to Plageman's negligence on January 3, 2017. He did not file his complaint in the trial court until August 2, 2019. Thus, the trial court reasoned that he filed the complaint more than two years after the applicable statute of limitations expired.

{¶ 9} Welther's sole assignment of error does not challenge the trial court's reasoning in granting Plageman's motion for judgment on the pleadings. Instead, he contends, without any reference to the record, that the trial court erred in granting Plageman's motion because he was not timely notified of the motion. "[A] bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial." *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13. Statements in an appellate brief, or attachments thereto, are not part of the record in determining the appeal. *Cashlink, LLC v. Mosin, Inc.*, 10th Dist. No. 12AP-395, 2012-Ohio-5906, ¶ 8. Welther asserts he did not receive electronic notice of Plageman's motion. Not only is this assertion unsupported in the record, it is belied by Welther's letter he filed with the trial court on November 1, 2019, wherein he acknowledged his receipt of an email notifying him of the trial court's judgment. In the letter, he noted that he "rarely" reads his emails. (R. 17.) Additionally, the certificate of service attached to Plageman's motion indicates she served Welther with a copy of the motion by ordinary U.S. mail on the day the

motion was filed.  Therefore, the record does not support Welther's assertion that he did not receive timely notice of the motion.

{¶ 10}  Because the basic premise of Welther's assignment of error is not supported in the appellate record, we overrule his sole assignment of error.

**IV.  Disposition**

{¶ 11}  Having overruled Welther's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and SADLER, J., concur.